F. C. FORD ET AL. V. CHAS. C. MCRAE ET AL.

No. 6620.   Decided July 22, 1936.
Rehearing overruled October 14, 1936.
(96 S. W., 2d Series, 80.)

*Ross, Wood, Lawther & Wood, Baker, Botts, Andrews & Wharton* and *Palmer Hutcheson,* all of Houston, for plaintiffs in error.

The lower court having found that the calls for course and distance in the deeds relating to the Soders tract should give way to calls for monuments, should also have found and held that calls for quarters, common corners and other monuments and locative calls, with the result that the deeds between the Stuers and Krolls put the north half of the expanded Soders tract in Stuer and the south half in Kroll with the dividing line indicated by the "interior corner line" of the Jechow-Reina tract, as the dividing line, or if not that, should have adopted a dividing line apportioning the excess equally to the north and south halves. Sellers v. Reed, 46 Texas, 377; Welder v. Carroll, 29 Texas, 319; 7 Tex. Jur., 162-166, "Boundaries," secs. 34-36.

The correction deed and release from Mrs. Stuer to the Andersons does not invalidate the previous deed, and if the latter is inoperative the previous deed is good for a 50 acre tract. Ragsdale v. Robinson, 48 Texas, 379; Bell v. Wright, 94 Texas,

407, 60 S. W., 873; Easterling v. Simmons, 293 S. W., 693; Polk v. Carey, 247 S. W., 568.

*Bryan & Bryan* and *Chas. C. McRae,* all of Houston, for defendants in error.

On above propositions cited Wadsworth v. Vinyard, 131 S. W., 1171; Lemm v. Miller, 245 S. W., 93; Threadgill v. Bickerstaff, 87 Texas, 520, 29 S. W., 757; DeRoach v. Clardy, 113 S. W., 22; Texas & Pac. Ry. Co. v. El Paso & N. E. Ry. Co., 156 S. W., 561.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendants in error sued plaintiffs in error for the title and possession of a tract of land in Harris County, being part of the John Reinermann league. On trial without a jury they recovered judgment for about 24 acres of the land for which they sued and the judgment was affirmed by the Court of Civil Appeals. 62 S. W. (2d) 511. Elaborate findings of fact and conclusions of law made by the trial court and approved by the Court of Civil Appeals are copied in full in the opinion of the Court of Civil Appeals.

The land in controversy is part of a tract out of the Reinermann league conveyed by C. L. Bethje and wife to A. L. Soders December 28, 1849, which tract for convenience is designated the Soders tract; and the term Soders tract when used herein is intended to refer to the entire area within that tract, including the excess acreage. This tract (omitting calls for bearing trees and mounds of earth, the location of which is not proven) was thus described by metes and bounds in the deed from Bethje to Soders:

Beginning at the southwest corner of the Samuel Maas survey; thence north 400 varas to the northwest corner of the Maas survey; thence west 3321 varas to the west line of the Reinermann league; thence south with the west line of said league 400 varas; thence east with the south line of Duckworth's 50 acre survey, previously run and included in this survey, 3321 varas to the place of beginning, containing 235¼ acres.

The trial court found that the Soders tract contains an excess in quantity above the acreage as described in the deed from Bethje to Soders, and that the length of the west line of the tract is 440.8 varas instead of 400 varas. These findings are supported by evidence. It is also shown by the testimony of Heany, an engineer who testified for plaintiffs in error, that

the length of the Soders tract east and west is 247 2/5 varas in excess of its length according to the distances given in the deed and that the width of the Soders tract near its median line is 410 varas.

On February 1, 1853, Soders and wife for a recited consideration of $425.00 cash conveyed to Andreas Kroll a tract of land in Harris County described as 117⅝ acres of land, being the yet undivided eastern half of a tract of 235¼ acres conveyed by C. L. Bethje and wife, giving no description by metes and bounds of the 117⅝ acres or eastern half. By similar deed executed on the same day and for the same consideration and with like description Soders and wife conveyed to Mathias Stuer the western half of the Soders tract. The effect of the two deeds from Soders and wife was to make Kroll the owner of the east half and Stuer the owner of the west half of the entire Soders tract, including the excess acreage within the bounds of that tract.

Thereafter on April 24, 1855, two general warranty deeds were executed alike in form and each reciting a consideration of $212.50, one by Kroll and wife to Stuer and the other by Stuer and wife to Kroll. The land conveyed by Kroll to Stuer is thus described in the deed:

"Fifty-eight and thirteen sixteenths acres of land, it being a part of a league of land originally granted to Henry Reinermann and the northeastern quarter of two hundred and thirty-five and one fourth acres of land conveyed by C. L. Bethje and Louisa Bethje to Adam Soders, and Nancy Soders, in obedience to a decree of the Honble. district court of Harris County, in its Fall Term on Tuesday Dec. 11, 1849, by a deed dated December 28th, 1849, and recorded in Harris County Record of Deeds Book O, page 352 & 353, and by Adam Soders conveyed to the party of the first part by a deed dated February 1st, 1853 and recorded in Harris County Deed Book P, page 397; commencing at the Northeast corner of said 235¼ acres of land at a hickory 5 inches in dia. mkd. D from which a red oak 15 inches in dia. Mkd. S bears North 53 West distant 3½ varas; thence South 200 varas to a stake in Sam Maas west line; thence west 1660½ varas to a stake in the prairie; thence north 200 varas to a stake in the prairie in the north line of said 235¼ acres; thence West 1660½ varas to the beginning."

The land conveyed by Stuer to Kroll is thus described in the deed:

"Fifty-eight and thirteen sixteenths of land, it being a part of a league of land, originally granted to Harvey Reinerman

and the South Western quarter of Two Hundred and Thirty five & one fourth acres of land conveyed by C. S. Bethje and Louisa Bethje to Adam L. Soders and Nancy Soders in obedience to a decree of the Hon. The District Court of Harris County in its fall term on Tuesday Dec. 11th, 1849 by a deed dated Dec. 28th, 1849, and Recorded in Harris County Record of Deeds, Book O, pages 352 & 353 and by Adams Soders and Nancy Soders conveyed to the party of the first part by a deed dated February 1st, 1853, and Recorded in Harris County Record of Deed Book 'P' page 391; commencing at the Southwestern corner of said 235¼ acres of land and at a stake in the prairie; thence North 200 varas and along with the Western league line to a stake in the prairie; thence East 1660½ varas to the South West corner of 58 13/16 acres of land sold by the party of the Second part to the party of the first part; thence South 200 varas to a stake in the prairie; thence West 1660½ varas to the beginning."

Both the trial court and the Court of Civil Appeals erroneously, in our opinion, concluded that the descriptions by metes and bounds in these two deeds should be given controlling effect, and construed the deed from Kroll to Stuer to convey only a tract of land beginning at the northeast corner of the Soders tract in the west line of the Maas survey, running thence south with the west line of said survey 200 varas thence west 1660½ varas, thence north 200 varas to the north line of the Soders tract, thence 1660½ varas with said north line to the place of beginning; and construed the deed from Stuer to Kroll to convey only a tract of land beginning at the southwest corner of the Soders tract on the west line of the Reinerman league, running thence north with said league line 200 varas, thence in an easterly direction parallel with the south line of the Soders tract 1660½ varas, thence in a southerly direction parallel with the west line of the Reinerman league to the south line of the Soders tract, thence in a westerly direction with said south line to the place of beginning. This construction breaks the call in the deed from Stuer to Kroll for the northeast corner of the tract conveyed by that deed to coincide with the southwest corner of the tract conveyed by Kroll to Stuer and it disregards the general description in the deeds of the two tracts conveyed as the northeast quarter and the southwest quarter. The effect of the construction is to leave in Kroll after the execution of his deed to Stuer a small tract of land in the west part of the northeast quarter of the Soders tract and a very narrow strip of land in the northeast quarter of

the Soders tract extending along the south line of the quarter; and to leave in Stuer after the execution of his deed to Kroll a small tract of land in the east part of the southwest quarter of the Soders tract and a narrow strip of land in the southwest quarter of the Soders tract extending along its north line.

There is no evidence in the record showing that Kroll, or anyone claiming under him, ever possessed or asserted a right to possess any land in the north half of the Soders tract after the execution of the deed from Kroll to Stuer, or that Stuer or anyone claiming under him, ever possessed or asserted a right to possess any land in the south half of the Soders tract after the execution of the deed from Stuer to Kroll and prior to the beginning of this controversy. Kroll, in a deed by which on September 4, 1869, he conveyed to Martha L. Rogers the south half of the Soders tract, gave clearly his construction of the two deeds of April 24, 1885, as leaving him the owner of the south half of the Soders tract and Stuer the owner of the north half of the tract without any exceptions or intervening tracts. He conveyed by this deed the south half of the Soders tract and described the tract conveyed as joining and being south of the land owned by Stuer and as including the 58 13/16 acre tract which was conveyed to him by Stuer on April 4, 1855. The record contains no deed from Stuer purporting to convey after the execution of the two deeds of April 24, 1855, any land in the south half of the Soders tract.

There is no evidence in the record suggesting that when the deeds of April 24, 1855 were executed the parties to them had any information as to the existence of the excess acreage within the bounds of the Soders tract. On the contrary, the various deeds in the statement of facts, to and including the deed from Stuer to Anderson and the deed from Stuer to Culmore executed in 1890, very clearly indicate, by their references to acreage and their division of the acreage into halves and quarters and by the distances given in them, that the parties to the deeds believed that the Soders tract contained 235¼ acres and no more.

Before the two deeds were made on April 24, 1855, Kroll was the owner of the east half of the Soders tract, including the excess acreage in that half, and Stuer was the owner of the west half of the Soders tract, including the excess acreage in that half, neither knowing, it appears, of the existence of the excess. They desired for some reason not disclosed by the record to make an exchange of land, to the end that Stuer, instead of being the owner of the west half, might own the north

half of the Soders tract, and Kroll, instead of owning the east half, might own the south half of the tract. They sought to accomplish this end through the conveyance from Stuer to Kroll of the southwest one-fourth of the tract and the conveyance from Kroll to Stuer of the northeast one-fourth of the tract. The two deeds state that they convey quarters. These deeds were made at an early date when the land was of but little value. The land in controversy until a very recent date has been used for pasturage. No good reason can be assigned for the existence of an intention on the part of the parties to these deeds to leave small tracts or narrow strips of land intervening between the tracts owned respectively by them. The existence of such intention is negatived by the important fact that the deed from Stuer to Kroll in the description by metes and bounds of the tract conveyed describes its northeast corner as being at the southwest corner of the tract sold by Kroll to Stuer. There is no such connecting call in the deed from Kroll to Stuer, but the two deeds were executed at the same time, undoubtedly for the purpose of accomplishing an exchange and as a part of a single transaction. Under such circumstances the call in the one deed is as effective to tie the two tracts together as would be similar calls in both deeds.

■ The Court of Civil Appeals supports its construction of the two tracts by course and distance from their beginning corners by reference to the general rule that ordinarily a clear and distinct description by metes and bounds will control any general words of description added thereto. This is a rule of construction applied in order to accomplish the ultimate purpose in construing a deed, that is, to arrive at the intention of the grantor. Gibbs v. Barkley (Com. App.), 242 S. W., 462, 464. It is not to be given controlling effect, when it is apparent from the language of the deed, read in the light of the surrounding circumstances, that the parties intended that the general description should control (McKinney v. Raydure, 181 Ky., 163, 203 S. W., 1084, 1087; Sutton etc. Mfg. Mill & Min. Co. v. McCulloch, 64 Colo., 415, 174 Pac., 302; Sun Oil Co. v. Burns, 125 Texas, 549, 555, 84 S. W. (2d) 442) ; or when the general description more surely indicates the true intention (Arambula v. Sullivan, 80 Texas, 615, 621, 16 S. W., 436) ; or when the grantor's intention clearly and unmistakably appears from the language of the entire instrument (Benskin v. Barksdale (Com. App.), 246 S. W., 360; Southern Travelers Association v. Wright (Com. App.), 34 S. W. (2d) 823).

· Even if there had been no connecting call in the description of the two tracts by metes and bounds, still we believe that, in view of the undisputed facts to which reference has been made, the general descriptions of the tracts as the northeast quarter and the southwest quarter more surely indicate the true intention of the parties as to the land conveyed than do the descriptions by metes and bounds. These particular descriptions were not the result of a new survey. Obviously they were but a mathematical quartering of the Soders tract by using and reducing the distances contained in the deed from Bethje to Soders, made under the erroneous assumption that there was no excess in the Soders tract.

■ The connecting call, however, cannot be disregarded. It is a part of the description to be considered in determining the true intention of the parties. The deed from Stuer to Kroll conveying the southwest quarter describes the north line of the tract conveyed as running from its northwest corner east 1660½ varas *"to the southwest corner of the 58 13/16 acres of land sold by the party of the second part* (Kroll) *to the party of the first part* (Stuer)." Here is disclosed unmistakably the intention on the part of Stuer and Kroll that the north line of the tract conveyed by Stuer to Kroll should be as far north as the south line of the tract conveyed by Kroll to Stuer and that the east line of the tract conveyed by Stuer to Kroll should be as far east as the west line of the tract conveyed by Kroll to Stuer. This connecting call is reconciled and this intention of the parties accomplished by giving effect to the general descriptions contained in the two deeds, so that they convey, one the entire southwest quarter, and the other the entire northeast quarter. Under the facts disclosed by the record in this case the courses and distances appearing in the particular descriptions should yield to the general description and the connecting call. The two taken together, the general description and the connecting call, in our opinion, truly show the intention of the parties.

Judgment should not be rendered for defendants in error for any land within the south half of the Soders tract. They claim title only through a deed from Stuer executed in 1890. Stuer at that time owned no land in the south half of the Soders tract. He had owned the southwest quarter of the Soders tract but he conveyed all of it, including the excess, by his deed to Kroll of April 24, 1855.

Part of the land awarded to defendants in error by the trial

court's judgment lies within the north half of the Soders tract, to the south and west of a 50 acre tract conveyed by Stuer and wife to Samuel Anderson and wife by deed dated August 8, 1890. The description in the deed last referred to is of doubtful meaning, but the trial court construed the deed as conveying a tract with its north line coinciding with the north line of the Soders tract, its east line running from the north line of the Soders tract in a southeasterly direction along the westerly right of way fence line of the Houston and Texas Central Railroad Company, a distance of 308 varas, its west line running south from the north line of the Soders tract and parallel with the west line of said tract 200 varas and its north and south lines of such lengths as is necessary to encompass 50 acres. Neither plaintiffs in error nor defendants in error have by assignment or cross assignment questioned the correctness of the trial court's construction of this deed. The brief filed by plaintiffs in error in the Court of Civil Appeals contains a proposition to the effect that the construction is correct.

On August 8, 1890, the date of the deed last referred to, Stuer and wife executed a deed to J. C. B. Culmore reciting a consideration of $100.00 in cash and a note for $350.00, secured by vendor's lien, and thus describing the land conveyed:

"* * * all the remaining portion of our purchase from A. L. Soders and wife, 117⅝ acres, see Book P, page 391 and from Andrew Kroll 58 13/16 acres, Book P, page 543, out of the Jno. Reinermann League containing about 52 115/120 acres, save and except, 58 13/16 acres sold to Andreas Kroll, see Book W, page 137, and 5 acres sold to Wm. J. Haroop, see Book X, page 623, and 1 4/5 acres sold to Houston & Tex. Central Ry., see Book X, page 639, and 7 13/15 acres sold to F. A. Rice, see Book X, page 639, and 50 acres this day sold to Samuel Anderson and wife.

"For further description of the land herein conveyed, reference is hereby made to our deeds, and of Harris County Records of Deeds where the above mentioned books and pages refer to and may be seen;"

This is the deed under which defendants in error claim title.

Mrs. Stuer on February 23, 1893, executed a release of the vendor's lien retained in the conveyance of the 50 acre tract. This instrument, instead of following the description used in the deed which retained the lien, contains a new description of the land by metes and bounds, followed by the statement that

it is the same land, particularly described, that was conveyed and intended to be conveyed by the deed. The metes and bounds in this release describe a tract containing 59¼ acres instead of 50 acres, with its west line more than 200 varas farther west than the west line of the 50 acre tract and 219 varas in length instead of 200 varas. Defendants in error take the position that Culmore acquired by Stuer's deed to him of August 8, 1890, all of the land in controversy in the north half of the Soders tract except the 50 acres conveyed by Stuer to Anderson and that Culmore's title so acquired was not affected by the release subsequently executed by Mrs. Stuer. Plaintiffs in error contend that the release executed by Mrs. Stuer was a correction deed effective against Culmore or anyone claiming under him. They argue in support of this position that the deed to Culmore excepted from its operation the land sold the same day to Anderson, and that Culmore knew what land Stuer had sold to Anderson and was concluded by the statement subsequently made in Mrs. Stuer's release as to what land was intended to be conveyed. The further argument is made that the deed to Culmore was in effect a quitclaim, being a conveyance of only the remaining interest of Stuer in the land which he had acquired from Soders and Kroll, and did not vest in Culmore or in his vendees any rights as innocent purchasers.

■ It is shown that Culmore was a practicing attorney, that the deed from Stuer to Anderson was in his handwriting and that he took the acknowledgment. This deed, as found by the trial court, conveyed a certain 50 acres owned by Stuer in the Soders tract. There is no evidence in the record, other than this deed and the declaration subsequently made by Mrs. Stuer in the release, as to what land was sold and intended to be conveyed by Stuer to Anderson on August 8, 1890. The deed is the best evidence as to the land intended to be conveyed; and in determining the rights of Culmore and those claiming under him it is not to be assumed, against the evidence afforded by the deed, either that the grantor intended to convey other land than that described in the deed or that Culmore knew that the land sold to Anderson by Stuer on August 8, 1890, was the land described in the release executed three years later by Mrs. Stuer rather than the land described in the deed. Stated in other words, Mrs. Stuer's statement in the release in 1893 cannot be taken as conclusive proof against Culmore that other land was sold by Stuer to Anderson in 1890 than that described in the deed or that Culmore knew that other land was sold.

It is unnecessary to determine whether the release executed by Mrs. Stuer was effective as between her and Anderson to convey land not conveyed by the original deed to Anderson. Whatever the effect of the release may have been between Mrs. Stuer and Anderson, it could not be effective against Culmore or those claiming under him to pass title to land theretofore conveyed to Culmore. In our opinion the deed from Stuer to Culmore was not a quitclaim deed and was not a deed merely of his remaining or unsold interest in a described tract or body of land. The deed was in form a general warranty deed. It conveyed the land in the Reinermann league that Stuer had purchased from Soders and Kroll, giving the book and pages of the record where the deeds describing the land purchased were recorded, excepting from the land thus described five certain designated tracts which he had sold. The deed thus contained a definite and certain description of the land conveyed. It did not except whatever undescribed tracts the grantor might theretofore have sold, but it definitely identified the five excepted tracts. Four of the excepted tracts were identified by the names of the purchasers and by references to the book and pages of the records where the deeds evidencing the sales were recorded. The 50 acre tract excepted was described as the 50 acres "this day sold to Samuel Anderson and wife" and by the subsequent reference to "our deeds." The deed from Stuer to Anderson and wife of the same date completed the proof of the description of the excepted 50 acre tract.

■ It is our opinion, therefore, that Culmore acquired on August 8, 1890, through Stuer's deed to him, title to all of the land in controversy in the north half of the Soders tract except the 50 acre tract which had been conveyed by Stuer to Anderson, and that Culmore's title to such land so acquired was not affected by the release executed by Mrs. Stuer. The trial court correctly awarded that part of the land in controversy to defendants in error who claim under Culmore rather than to plaintiffs in error who claim under Anderson.

Both the trial court and the Court of Civil Appeals found that plaintiffs in error and those through whom they claim have not had such continuous and adverse possession of the land adjudged to defendants in error as would establish title by limitation. We have read all of the evidence as to possession and find that there is evidence supporting the findings.

The judgments of the trial court and Court of Civil Appeals are reversed and judgment is here rendered as follows:

that defendants in error have judgment against plaintiffs in error for the title and possession of the following described land, being part of the land in controversy, towit: beginning on the north line of the tract of land in the John Reinermann league in Harris County, Texas, formerly known as the Adam L. and Nancy Soders tract as recorded in Book O, page 352, of the Harris County Deed Records, at the northwest corner of tract No. 4 as described in the judgment rendered in this cause on December 29, 1931, by the District Court of Harris County of the 55th judicial district, which beginning point is 1294¼ varas south 89° 36′ west of the west right of way line of the H. & T. C. R. R. Co., thence south 89° 36′ west with the said north line of said Soders tract 237.4 varas to the northwest corner of the tract of 131.5 acres first described in the said judgment of the trial court herein; thence south 0° 31′ west 219 varas to a line extending in an easterly and westerly direction across the said Soders tract and dividing it, including its excess acreage, into two equal north and south halves; thence in an easterly direction with the said line so dividing said Soders tract to the intersection of said line with the west right of way line of the H. & T. C. R. R. Co.; thence along said right of way line in a northwesterly direction to the southeast corner of the 50 acre tract described in the judgment of the trial court herein as tract No. 4; thence westerly with the south line of said tract No. 4 as described in said judgment to the southwest corner of said tract No. 4; thence in a northerly direction along the west line of said tract No. 4 and parallel with the west line of said Soders tract 200 varas to the place of beginning, the tract herein described and awarded to defendants in error being all that part of the 131.5 acre tract first described in the trial court's judgment herein which is in the north half of the said Soders tract, inclusive of its excess acreage, and which is not within the 50 acre tract described in the trial court's judgment herein as tract No. 4; and judgment is also here rendered that save and except the above described tract of land for which judgment is here rendered in favor of defendants in error, said defendants in error take nothing by their suit. Judgment is also here rendered, as in the trial court, that Thomas H. Stone is concluded by the judgment of the trial court and by this judgment, in so far as the warranties in his deeds may cover or apply to any of the land awarded by this judgment to defendants in error, without prejudice to the rights of plaintiffs in error to sue him for any money loss on his said warranties. Costs in the Supreme Court and the Court

of Civil Appeals and incident to the appeal to the Court of Civil Appeals are taxed against defendants in error and costs of the trial court are taxed one-half against plaintiffs in error and one-half against defendant in error.

Opinion adopted by the Supreme Court July 22, 1936.

Rehearing overruled October 14, 1936.