## LAMB et al. v. WASHINGTON OIL CO. OF TEXAS et al.

No. 8974.

Circuit Court of Appeals, Fifth Circuit.

April 26, 1939.

Rehearing Denied May 25, 1939.

Richard U. Simon, of Fort Worth, Tex., for appellants.

R. L. Dillard, Jr., Conan Cantwell, W. H. Jack, Jr., and W. H. Sanford, all of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit involved a tiny strip of land, 52x66 ft., containing 5/100 of an acre, in a proven oil field. It was in equity to settle boundaries and for an injunction. The claim was, that it was a part of the South ½ of the Carl Rhode Survey, which had been partitioned into and had been subsequently owned and recognized as three substantially equal tracts with no strip between them, and that the claim of defendants, Lamb, et al., that because of restricted calls for distance in subsequent deeds one had developed between the middle and the western one-third, was not a real, but a pretended one.

In addition to making defendants, Lamb, et al., whose claim to the strip, with the threat of drilling an oil well on it had brought on the suit, plaintiffs made defendants Loyce Phillips, Bond & Dillard Corporation and Washington Oil Corporation, owners of the land in the vicinity.

The answer of Phillips and Bond & Dillard Corporation admitted that the three tracts in the Carl Rhode Survey as originally partitioned had adjoined, and still adjoined. Alleging that there was and for many years had been a recognized, established and acquiesced in common boundary between them, and that Lamb, et al. were asserting an unjust and unfounded claim, it concluded with a prayer that the boundary line as then established between the

tracts be adjudicated, and the cloud of Lamb's claim be cleared and removed.

The answer of the Washington Oil Corporation admitted the existence of the common, recognized, and acquiesced in boundary line, denied that there was any strip or vacancy to which Lamb, et al. had or could claim title, and prayed an adjudication of the common boundary and a quieting of its title.

The answer of the defendants, Lamb, et al., admitted the truth of the jurisdictional allegations as to residence and amount in controversy. It denied, however, that there was any recognized and acquiesced in common boundary line between the middle and western tracts as originally partitioned. It insisted on the contrary, that whatever the facts as to the boundaries as originally partitioned, subsequent deeds had created, between them, the strip Lamb, et al. claimed. The answer of these defendants, just as plaintiff's petition and the answers of the other defendants had done, prayed that the boundaries be determined and adjudicated as between all the parties to the suit.

Commencing on April 13, 1938, the trial was on that day recessed to April 25 to permit defendants, Lamb, et al., to obtain witnesses. On that day plaintiffs filed and presented in evidence a supplemental pleading in which they stated that "they admitted that the tract described in their petition was well vested in defendant Lamb and those claiming under him, and that those defendants may have a judgment against these complainants for title and possession of the tract; wherefore they pray that these defendants be permitted to take judgment against plaintiffs for title and possession of said tract, but that all costs be adjudged against said defendants."

Defendants Lamb, et al. then further cross-examined a surveyor witness for the other defendants, and offered a surveyor witness on their own behalf, when, the trial completed, the court proceeded to judgment upon findings of fact and conclusions of law. The effect of these was: that there was a well marked and established, and long recognized and acquiesced in boundary line between the middle and the western third; that there was not on the ground, in fact or in law, any strip or vacancy between them; and that in accordance with the said recognized boundary the 5/100 acre tract sued for belonged in part to the Bond & Dillard Drilling Cor-

poration, and Loyce Phillips and in part to the Washington Oil Corporation. The decree fixed the boundaries in accordance with the findings, and quieted in each, the Washington Oil Corporation, and Phillips and Bond & Dillard, the title to the respective portions of the strip in controversy found to belong to each.

Complainants did not appeal, but the defendants Lamb, et al. did, without summons and severance as to complainants. Because they have so appealed, the appellees insisting that the judgment was joint, and there could be no valid appeal without the joinder of complainants, or summons and severance as to them, move to dismiss.

We deny the motion. We think it quite plain that in the state of the record, complainants, by their pleading, having prayed that judgment go for defendants Lamb, et al., made it perfectly plain that they had no further interest in the proceedings in the trial court or on appeal. There was thus no reason to join them in the appeal, and equally none for proceeding to summon and sever as to them. There was, in short, no joint judgment, no reason to summon and sever. Brock v. Fidelity & Deposit Co., 5 Cir., 86 F.2d 345; Prince v. McLaughlin, 1 Cir., 16 F.2d 886; Axelrod v. Osage Oil & Ref. Co., 8 Cir., 29 F.2d 712; Clarke v. Boysen, 10 Cir., 39 F.2d 800; Winters v. United States, 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340; National Surety Co. v. Leflore County, 5 Cir., 262 F. 325, 18 A.L.R. 269.

Not to be outdone by appellees in brush fighting, appellants counter appellees' attack upon the jurisdiction of this court by attacking the jurisdiction of the trial court. Their point is that complainants by disclaiming, as appellants say they did, took themselves out of the suit, leaving it without the requisite diversity to support the jurisdiction, all the other parties to the suit being citizens of Texas.

We do not think this will do. Complainants did not dismiss their suit, nor withdraw from it. They did not even disclaim. Upon the record they were actively prosecuting the cause until the day of judgment. On that day they did, indeed, without warning or explanation, plump for a judgment for defendants Lamb, et al. But this was not a dismissal of the suit, nor a withdrawal from it. It had, then, no effect upon the jurisdiction. The court was authorized, in-

deed obligated, notwithstanding the pleading, to proceed to a determination of the boundary issue tendered by the pleadings of all the parties.

On the merits, appellants insist that the decree should be reversed because the findings were clearly erroneous.

We do not think so. The case, one of boundary, was heard fully by the District Judge upon evidence completely sustaining his findings. He found that there was a common boundary line, recognized and acquiesced in by all parties; that there was no intention to create a strip or vacancy between the partitioned tracts; that none was created; that indeed, the evidence conclusively established the existence, the recognition of and the acquiescence in a common boundary line, and as conclusively precluded the existence of the strip to which defendants Lamb, et al. lay claim. Bearden v. Schenecker, Tex.Civ.App., 240 S.W. 996; Humble Oil & Ref. Co. v. Davis, Tex.Civ.App., 287 S.W. 104; Schiele v. Kimball, Tex.Civ.App., 150 S.W. 303; Roberts v. Blount, Tex.Civ.App., 120 S.W. 933; c/f Ballard v. Stanolind Oil & Gas Co., 5 Cir., 80 F.2d 588; Shell Petroleum Corp. v. Landers, Tex.Civ.App., 107 S.W.2d 509; Livingston Oil & Gas Co. v. Shasta Oil Co., Tex.Civ.App., 114 S.W.2d 378; Ford v. McRae, 128 Tex. 106, 96 S.W.2d 80.

The decree was right; it is affirmed.