**BAKER et al. v. BROWN, Dist. Atty., et al.**

No. 14474.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 16, 1942.

Rehearing Denied Nov. 13, 1942.

A. B. Curtis and H. C. McCart, both of Fort Worth, for appellants.

Henry Mack, Phillips, Trammell, Estes & Edwards, and Gladys Shannon, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

This is a contest of an election held for the purpose of determining whether Oak Grove Common School District No. 67 of Tarrant County should be consolidated with the adjoining Burleson Independent School District which lies partly in Tarrant County and partly in Johnson County.

The trial court rendered judgment denying the contest. The contestants rely upon only one ground in this court; and that is that the metes and bounds description of the lands contained in the Oak Grove District, which was attached to the petition for the election, include 528 acres of land which lies in another school district, the Everman Independent School District, and that on account thereof the election is void.

The election was held under authority of Art. 2806, R.C.S., Vernon's Ann.Civ.St. art.

2806. The petition for the election which was signed by the voters in the Oak Grove District, as well as that signed by the voters in the Burleson District, recites that the voters desire to consolidate the two districts, naming them, and further recites that a metes and bounds description of the lands in the districts is thereto attached.

The metes and bounds description of the lands in the Oak Grove District contains certain discrepancies, in that certain of the calls along the boundary between the Oak Grove District and the Everman District will not close unless extended for considerable distances. Appellants present the argument that these calls, if extended by proper and established rules of construction, will include 528 acres of land in the Everman District, and that the attempt thus to include land in the Everman District renders the entire election proceedings void. Appellees, seeking to uphold the election by which the majority of the voters elected to consolidate the Oak Grove and Burleson Districts, argue that by reversing certain of the calls, and by extending certain of the calls, none of the Everman land is included.

Under our view of the case, it is unnecessary to resort to a construction of the metes and bounds description attached to the election petition. If we did so, however, we would be bound by the rule laid down in such cases as Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629; Ford v. McRae, 128 Tex. 106, 96 S.W.2d 80; and Great Plains Oil & Gas Co. v. Foundation Oil Co., 137 Tex. 324, 153 S.W.2d 452, to the effect that the rule of construction will be employed which under the facts of the particular case will best serve to carry into effect the intention of the parties.

■ We are also bound by this same rule in determining whether the particular description by metes and bounds, or the general description contained in the body of the petitions, shall control.

■ There is nothing in Art. 2806 requiring a metes and bounds description. In the present instance the metes and bounds description was not contained in the order for the election, nor in the notices of the election. It is undisputed that no election proceedings were had in the Everman District, and that no voters from the Everman District participated in the election.

To us it is clear that no effort has been made to include any land from the Everman District in the new consolidated district. The petitions for the election, the order for the election, and the notices of the election, show on their faces that the purpose of the election is to determine whether the Oak Grove and Burleson Districts shall be consolidated. It is only by taking into account certain errors in the metes and bounds description attached to the petitions, and applying thereto certain rules of construction which may be resorted to in a proper case to ascertain the intention of the parties, that appellants are able to find any basis for their theories. The rules of construction of the kind which are invoked by the parties here have been promulgated by the courts in order to give effect to instruments which otherwise might fail because of inadequate description of the land involved. They are intended to be used as an aid in ascertaining the intention of the parties.

Giving the acts of the parties a practical construction, as one court has said should be done, the conclusion is bound to be reached that the voters of these two school districts had no intention whatsoever of attempting to include in the new district any land from the Everman District. Pleasant Valley Common School Dist. No. 7 v. Story, Tex.Civ.App., 142 S.W.2d 258, writ refused. A similar construction of a petition for the formation of a school district was given by this court in Camp v. Hawley Ind. School Dist., Tex.Civ.App., 150 S.W. 486. See, also, the opinion of this court in Dallas County Fresh Water Supply Dist. No. 7 v. Mercantile Securities Corp., Tex.Civ.App., 110 S.W.2d 187, writ dismissed.

■ Under elemental rules, we are required to give the acts of the parties such a construction as will render them valid, if it can reasonably be done. Since the voters of the Oak Grove and Burleson Districts had no lawful right by themselves to annex land belonging in the Everman District, we should not presume such an intent on their part unless clearly shown.

In Frass v. Darrouzett School Dist., Tex. Civ.App., 277 S.W. 751, writ dismissed, and in Hoya v. Woden Ind. School Dist., Tex. Civ.App., 292 S.W. 942, it was held that errors in the metes and bounds description contained in the act of the Legislature creating the district would not invalidate the act where it appeared from the entire act what land was intended to be included.

524

These decisions are in point upon the questions before us.

In the Pleasant Valley School District case, supra, it is said [142 S.W.2d 260]: "The power delegated to the voters of school districts to determine the question as to consolidation under the conditions imposed by law is legislative in its character. If in the instant case the proceedings taken evidence an intention to consolidate the two areas involved as an independent school district this intention should be vindicated."

The language quoted is applicable here.

The judgment of the trial court is affirmed.