# J. W. Nance *et al. v.* W. H. Nance *et al.*

*Bill in Equity by Creditors to set aside Ante-nuptial Settlement as Fraudulent.*

1. *Ante-nuptial settlement; validity as against creditors.*—An ante-nuptial settlement, by which the husband conveys property to the wife in consideration of the marriage, will not be held fraudulent at the suit of his creditors, although he was insolvent at the time, or even intended fraud, when it does not appear that the wife had notice of his fraudulent intent, nor even of his embarrassed condition.

2. *Proceeds of husband's labor, expended on wife's property.*—The personal skill and labor of the husband, expended in making valuable improvements on the wife's property, can not be reached or subjected by his creditors, by bill in equity, to the satisfaction of their debts.

3. *Money and materials used by husband in improving wife's property; exemption of personalty.*—Money or materials belonging to the husband, used by him in improving the wife's property, will be regarded as a gift, and held fraudulent at the suit of his creditors; but, if the whole amount so invested, with his other personal property, is less than $1,000, they can not complain. since the right of exemption attaches to it without previous claim and selection.

APPEAL from Talladega Chancery Court.

Heard before Hon. S. K. McSPADDEN.

The appellants, J. W. Nance, *et el.*, filed this bill against William and Mary Nance, on the ground and for the reasons set out in the opinion. At final hearing, on pleadings and proof, the bill was dismissed out of court.

JOHN T. HEFLIN, for appellants.

BISHOP & WHITSON, and WATTS & SON, contra.

CLOPTON, J.—The defendants were married in February, 1867. Prior to the solemnization of the marriage, an agreement was entered into between them, by which W. H. Nance agreed, in consideration of the marriage, to settle on the intended wife by good and sufficient conveyances, to be executed on or before the first day of January thereafter, certain specified real estate situate in the town of Talladega. The conveyances were executed as provided by the agreement. Appellants, who are judgment creditors of Nance, and who were creditors at the time of the execution of the agreement and of the marriage, seek by the bill to condemn the real estate to the satisfaction of their judgments, on the ground that the agreement and conveyances are fraudulent as to his creditors.

Though fraud may be intended by the husband, an ante-nuptial settlement is not void as to his creditors, if the wife has no notice of his fraudulent intent; both must concur, or the wife's right will not be affected thereby. In *Prewitt v. Wilson*, 103 U. S. 22, the husband was the owner of a large amount of property, consisting chiefly of lands, which he conveyed to his wife in consideration of marriage. He was insolvent, his property being worth about $50,000 and his debts exceeding $70,000. Though the wife knew that he was embarrassed and in debt, there was no evidence that she was aware of the amount of his property, or the extent of his debts, or that he had any purpose except to induce her to consent to the marriage. It is said: "There is an entire absence of elements, which vitiate even an ordinary transaction of sale where if set aside, the parties may be placed in their former positions. And, an ante-nuptial settlement, though made with a fraudulent design by the settler, should not be annulled without the clearest proof of the wife's participation in the intended fraud, for upon its annulment there can follow no dissolution of the marriage, which was the consideration of the settlement." It may be, that at the time of the agreement, Nance was in fact insolvent, but if so there is no evidence tending to show that he himself was aware of it at that time. It was subsequently revealed by the development of the condition of the mercantile business in which he was engaged. The wife was not informed, and

had no reason to believe or suspect, so far as appears from the evidence, that he was in debt. Both parties testify, and there is nothing which casts a doubt on the truthfulness of their statements, that no fraud was intended, and the sole consideration of the agreement was the marriage as expressed therein—the wife requiring a settlement to be made on her as a wise and prudent provision against future misfortune or adversity. The evidence wholly fails to show that she was prompted by a fraudulent intent, or that she participated in any such purpose on the part of her husband.

Two conveyances were made by Nance to his wife at different times, but both within the time required by the agreement; distinct lots being embraced in each conveyance, and both conveying only the two lots *expressly* designated and stipulated. Counsel contend, that the first conveyance should be regarded as having been made and accepted in full satisfaction of the agreement, leaving the second conveyance purely post-nuptial. This position is untenable. Fraud can not be inferred from the mere fact that two conveyances were executed, when one would have answered. Marriage is a valuable consideration, and often regarded as of the highest degree of value. The husband was under a moral and legal obligation to fully perform the contract, upon the faith of which the wife entered into the marital relation. Had he after making the first conveyance refused to convey the other lot specified in the agreement, a court of equity would have enforced its specific performance by compelling the execution of a conveyance to such other lot, and will sustain, when voluntarily done, what would have been compelled.—*Lockwood v. Nelson*, 16 Ala. 294.

The evidence shows that the husband expended his skill and labor in making valuable erections and improvements on the lots after the marriage, and it is insisted that complainants have a right to condemn to their demands the value of the labor. The bestowment of the labor in improving the separate estate of the wife did not constitute her a debtor to the husband, nor can her separate estate be charged therewith in favor of the husband's creditors. As personal labor is not the subject of compulsory sale for the payment of debts, and as a decree *in personam* can not, in such case, be rendered against the wife, a court of equity is powerless to appropriate the value of the labor to such purpose. In *Hoot v. Sorrell*, 11 Ala. 386, where this question was considered and decided, it is said: "The labor was not suscep-

[Nance et al. v. Nance et al.]

tible of seizure and the auxiliary jurisdiction of equity can not operate upon it. When the husband merely expends his personal labor in the improvement of his wife's estate, the estate is not thereby made a debtor to the husband, nor can the creditors charge it with the value of the labor."

Materials furnished in making erections or improvements on the wife's separate real estate, by the husband with his own money, if he is embarrassed, will be regarded a gift in fraud of his creditors, who may make her estate liable therefor. But her estate will not be charged, unless the bill alleges, and the proof shows, that the materials furnished by the husband were, in his hands subject to their claims. If the husband's power of disposition is not restricted as to the creditors, they can not complain, as no wrong is done to them. A creditor can not impeach as fraudulent a sale or voluntary disposition of property, which by statute is exempt from the payment of debts. In a conveyance or other disposition of such property he has no interest, and is not thereby delayed, hindered or defrauded, as he could not have subjected the property if retained by the debtor. At the time the materials were furnished by the husband, personal property to the amount of one thousand dollars was exempt. The duty to select what particular property he will retain as exempt is devolved on the debtor, when he owns personal property exceeding in value the amount exempted, and such selection must be made before there is a sale under legal process. But if he has not property exceeding in value the amount exempted, a selection is not required; in such case, the statute "attaches the exemption as absolutely and unconditionally, as if the particular property was specially designated and declared exempt."—*Alley v. Daniel*, 75 Ala. 403; *Fellows v. Lewis*, 65 Ala. 343. The averments of the bill may be sufficient, but the whole tendency of the evidence is, that at the various times when the materials were furnished, and the engine and other machinery were paid for, partly with the money of the husband, all his personal property, including the money so used, was of less value than one thousand dollars.

Affirmed.