(123 So. 895)

## O'REAR v. O'REAR.   (6 Div. 384.)

Supreme Court of Alabama.   June 27, 1929.

Rehearing Denied Oct. 17, 1929.

See, also, 219 Ala. 419, 122 So. 645.

M. B. McCollum and R. A. Cooner, both of Jasper, for appellant.

86

B. B. O'Rear, of Jasper, for appellee.

BOULDIN, J. Bill to declare an absolute deed an equitable mortgage, or a trust in the nature thereof; to have an accounting as to the state of the mortgage debt; and to divest the title, if fully paid, otherwise to redeem.

The appeal is from a decree overruling demurrers to the amended bill.

Briefly the case made by the bill is this: Prior to December, 1918, complainant, Martin O'Rear, was the owner of a large body of lands; mortgages thereon had been foreclosed, but his statutory right of redemption had not expired. His two brothers, J. D. O'Rear, and R. A. O'Rear agreed to and did "lend or advance" to him the money with which to redeem, and, to secure the brothers for the money so advanced, a deed was made to them by the holder of the title under mortgage foreclosure sales. The deed was made by mutual agreement of the three brothers "for the sole purpose of securing the payment to said grantees of the money so paid" to the grantor. The property being of value greatly in excess of the amount required to redeem, the money was "furnished or advanced" for the purpose of saving complainant's right of redemption and under agreement that he might redeem the property at any time thereafter upon payment of the money advanced with lawful interest. Thereafter, from the sales of timber and otherwise, all or the principal part of the indebtedness was paid; and the lands reconveyed to complainant by his brothers, save and except 120 acres, the subject of this suit.

Further allegations are that the indebtedness is paid in full; that respondent, J. D. O'Rear, who acquired the interest of his brother, R. A. O'Rear, since deceased, still claims a large sum due; that an accounting is necessary to ascertain the state of the mortgage indebtedness. Complainant offers to pay the balance, if any, found due.

The bill further avers that to further secure the debt a note of $750 made by Cleveland Lumber Company in 1924 was deposited with J. D. O'Rear for collection; that such note is now the property of complainant, etc. Appellant is in possession of the lands involved.

The questions raised by demurrer and in brief on appeal are: Does the bill disclose by sufficient averments an equitable mortgage or resulting trust, or does it present a parol trust, void under the statute of frauds?

When one person makes a loan to another with which to purchase lands, and by mutual agreement a deed is made directly from the vendor to the lender as security for the loan, the transaction partakes of the nature both of a resulting trust and a mortgage. A resulting trust, because the money loaned becomes that of the borrower, and the title acquired with his money is taken in the name of another; a mortgage, because it is given as security for the debt due from lender to borrower.

For convenience this court has come to call it a trust in the nature of an equitable mortgage. For purposes of equitable relief it is treated as a mortgage. It is not subject to the statute of frauds.

Whether the holding by the borrower of a statutory right of redemption, with its present incidents, renders its more strictly an equitable mortgage, is not of concern here.

The questions involved have been recently and fully considered and authorities reviewed in the case of Pollak v. Millsap, 219 Ala. 273, 122 So. 16, and on rehearing 122 So. p. 20.

On the authority of that case, the present bill is sufficient.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.