154 So. 95

## THOMAS v. MICKLE.

### 7 Div. 234.

Supreme Court of Alabama.

April 5, 1934.

Merrill, Jones & Whiteside, of Anniston, for appellant.

Bibb & Woolf, of Anniston, for appellee.

Brief did not reach the Reporter.

BOULDIN, Justice.

The .bill was filed by a trustee in bankruptcy to set aside an alleged fraudulent conveyance of real and personal property by the bankrupt debtor and reclaim the property as part of the estate of the bankrupt. Neuberger v. Felis, 203 Ala. 142, 82 So. 172; Barrett v. Kaigler, 200 Ala. 404, 76 So. 320; Bagley v. Bagley, 206 Ala. 233, 234, 89 So. 739.

The bill presents the case in two aspects:

First, constructive fraud; alleges that the conveyance was voluntary; the recited consideration simulated and fictitious. Second, actual fraud; alleges the purpose and intent of the grantor to hinder, delay, and defraud his creditors; and knowledge of the grantee of such purpose and intent.

The answer supported by the testimony of defendant on her own behalf is to the effect that the conveyance was in consideration of miscellaneous loans made by her to the grantor from time to time aggregating some $1,-100, and·in further consideration of marriage.

Grantor and grantee were united in marriage five days after the making of the conveyance.

█ Marriage is a valuable consideration, often deemed a favored consideration for the conveyance of property. J. W. Nance v. W. H. Nance, 84 Ala. 375, 4 So. 699, 5 Am. St. Rep. 378.

█ It seems the declared rule with us that, where the conveyance is executed before marriage, it is taken without our statute of frauds, and parol evidence of such consideration is admissible, although not recited in the conveyance. Andrews & Brothers v. Jones, 10 Ala. 400, 420.

We have held that a parol agreement for such settlement, not consummated until after marriage, is void and cannot be set up as a consideration for a conveyance·made after marriage. Carter v. Worthington & Smith, 82 Ala. 334, 2 So. 516, 60 Am. Rep. 738.

Again we have held, however, that such prior parol agreement may be set up as going to the question of actual fraud, in passing upon the grantee's right to protection to the amount of the actual monied consideration, although, inadequate. London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

We deem it unnecessary to here consider the soundness of any of these holdings, nor their consistency with other lines of decisions here and elsewhere construing statutes of frauds of like language with ours.

█ Some question arises as to what evidence the trial court should have considered as legal evidence, and what evidence we should consider in reviewing his decision in view of our statute directing a review upon the legal evidence, no ruling being required on objections in the trial court nor in this court. On this point, none of the parties to the suit, nor other parties having a pecuniary interest in the suit, were incompetent, under section 7721, Code, to testify to transactions with or statements by the grantor, since deceased.

His estate, passing at his death, is in no wise interested in the result of this suit.

The conveyance assailed here was valid and binding between the parties, and in no event would this property revert to his estate.

The controversy involves the rights of the grantee on the one hand and his creditors

represented by the trustee in bankruptcy on the other.

 The examination of the bankrupt on oath in regular course of bankruptcy proceedings was admissible as in the nature of a sworn admission touching the consideration for this conveyance. It expressed his version of the transaction as a reason for not including this property in his schedule of assets. The circumstances and the consideration detailed by him went to his purpose and intent, which was one of the issues in the case.

The trial was had on the testimony of witnesses taken orally before the trial judge.

The conveyance included a stock of merchandise, a drug store, which, under complainant's evidence, exceeded the personal exemptions of the grantor. There was no compliance with the Bulk Sales Law of Alabama. Code, § 8041.

As to this the law stamps the transaction presumptively fraudulent as against existing creditors. This is a rebuttable presumption, but the burden is on the grantee to overcome the same. Terry v. McCall Co., 203 Ala. 141, 82 So. 171.

There is abundant evidence the grantor was, at the time, insolvent, being pressed and threatened with suits by creditors; that the conveyance, covering many lots and parcels of land, included practically all the property of which he had title or any equity of value; that parts of his property had already been sold for taxes, and other large bills for delinquent taxes were unpaid. The deed recites: "It is agreed and understood that the foregoing parcels of real estate and personal property are subject to unpaid taxes due the state, county, and city, and subject to various and sundry improvement assessments, and that certain parcels of the said property have been sold on contracts of sale by the party of the first part to sundry persons, and that certain parcels of the said real estate are subject to mortgages executed by the party of the first part and purchase money liens owned by the party of the first part, and to other judgments and encumbrances suffered by the party of the first part. That the party of the first part does not warrant the title to any of the said property and the same is hereby sold subject to such taxes, assessments, contracts of sale, mortgages, and judgments suffered by the party of the first part up to the date of this conveyance."

Respondent's testimony touching loans was largely indefinite as to dates and amounts, was supported by no books or writings save two items by check dating back some two years before this transaction. The grantor, in his examination, does not corroborate the loan idea, but claimed about $500, recent advance payments on a contemplated purchase of the drug store.

The parties were both mature people, past fifty years of age, with long intimate acquaintance and association, decided intelligence, and, we conclude, of considerable knowledge of business affairs.

Without further discussion, we are of opinion that, in view of the presumption proper to be indulged in favor of the finding of the trial court, his decree is due to be affirmed. His decree may be sustained for failure of proof to adequately meet the burden on the issue of a voluntary conveyance; or a simulated transaction, placing title in the grantee while retaining the possession, control, and beneficial use in the grantor; or, if supported by a valuable consideration, infected with actual intent to hinder, delay, or defraud the creditors of the grantor, with such facts, known to the grantee, to put her on inquiry.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.