## BROCK v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.*
### No. 8089.

Circuit Court of Appeals, Fifth Circuit.
Nov. 25, 1936.

Rehearing Denied Dec. 18, 1936.

J. M. Rowe, of Elba, Ala., L. H. Brassell, of Andalusia, Ala., and J. O. Middleton, of Montgomery, Ala., for appellant.

H. H. Grooms, of Birmingham, Ala., and Eugene Ballard, of Montgomery, Ala., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the wife, appellees are the judgment creditors, of J. P. Brock. The suit was brought by appellees to cancel a deed Brock had made to his wife to three parcels of land in Troy county, including Brock's home, and one in Barbour county, Ala., and for discovery as to other assets alleged to be fraudulently concealed by him. The claim was that Brock, heavily indebted to appellees, had, in order to defraud them, conveyed to his wife and otherwise concealed his properties. Brock answered admitting his indebtedness to plaintiffs and that he had transferred properties to his wife, and also made full discovery. Denying that he has retained possession of any of his properties, or is enjoying any of the fruits of them, he disclaimed all interest in them. Insisting that his transfers to his wife were made bona fide and for value, to wit, in consideration of marriage and pursuant to a written antenuptial contract, he denied that they were made to hinder, delay, or defraud appellees.

Mrs. Brock adopting in substance the admissions, affirmations, and denials of her husband codefendant, specifically pleaded the making of the antenuptial agreement, and that it was made in good faith and with no intent to hinder, delay, or defraud. She further pleaded that she had no knowledge at the time of its making, that Brock owed any debts, or had any creditors, and that her only connection with the agreement for and the conveyances and transfers to her was in good faith and upon the highest consideration, to wit, marriage.

The evidence showed without contradiction that since 1921 Brock, some 25 years Mrs. Brock's senior, had been en-

*Writ of certiorari denied 57 S. Ct. —, 81 L. Ed. —.

deavoring to induce her to marry him, promising her orally and in writing that if she would do so he would give her all his property. It showed, too, that on account of the condition of her health and a feeling of obligation to live with and look after her mother, she had declined to do so. That in 1933 having by a successful operation removed the goiter from which she was suffering, and having finally made up her mind to accept him, she on July 5, upon his renewing and insisting upon his offer to give her "everything he had, property, money and real estate of every kind," agreed to do so. On August 9 an antenuptial agreement, describing specific properties, to wit, the land sued for and three mortgage notes for $275, $65 and $6,697 of Porter, Morgan, and Knight, respectively, was executed. On August 28 they were married, and on October 3, 1933, pursuant to the agreement, Brock executed the deed in question. Thereafter Mrs. Brock collected and appropriated as her own the proceeds of the Knight and Porter mortgages.

No testimony was offered from any source tending to prove that Brock's financial involvement entered into, or was considered by the parties in connection with, the making of the antenuptial agreement. Indeed, there was no testimony whatever showing or tending to show that Mrs. Brock knew of the indebtedness.

The District Judge found for appellant as to the Troy county property. He found against her as to the Barbour county property, and required her to pay into court the unexpended portion, to wit, $3,000, of the amount she had collected on the Knight mortgage. He did this on the ground that her evidence showed that on July 5, when she first definitely agreed with Brock to marry him in consideration of his conveying all his property to her, the only property she knew he had was the Troy property. He thought that the effect of this admission on her part was to limit Brock's agreement to the Troy property, the only one she knew about. He found that this property was the real consideration for her agreement to marry, and that the August 9 written agreement was therefore, as to the additional property mentioned in it, ineffective for want of consideration. The conveyance was confirmed as to the Troy property, and in effect condemned as to the other property. The decree ordered that the Barbour county property includ-

ed in the conveyance be sold, the proceeds to be first applied to the payment of creditors, the balance, if any, to be paid to Mrs. Brock, and that the notes discovered by Brock be sold and the proceeds applied to the satisfaction of plaintiffs' judgments.

Brock, having disclaimed any interest in any of the property, did not appeal. His wife, represented by the same counsel who represented Brock, appeals alone. The errors assigned and claimed in her brief are to the action of the court in setting aside as to creditors the deed to the Barbour county property, in requiring her to pay into court part of the proceeds of the Knight mortgage, and in ordering the sale of the Barbour county real estate for the satisfaction of plaintiffs' judgments.

Appellees, insisting that the judgment appealed from is joint, have moved to dismiss the appeal because Brock did not join in it and there was no summons and severance as to him. Appellant replies that the decree was not joint, but several, and, further, if it was joint, that the equivalent of summons and severance is made to appear here in the fact that her codefendant was her husband, was represented by the same counsel, had disclaimed all interest in the suit, and through his and her counsel had full knowledge of and had consented to her separate appeal, refusing to join in it. She supports this by reference to the record itself, and by affidavits of Brock and her counsel, that he did have notice of her appeal, that he did decline to join in it, and that he consents now to the appeal and joins in it, if necessary, but only if necessary to maintain it, for he has no interest in the appeal and does not contest for himself any of the provisions of the decree.

If this were a joint judgment, the two reasons on which the rule that from a joint judgment all parties to it must appeal is based (1) that the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed, and (2) that the appellate tribunal shall not be required to decide a second or third time the same question on the same record, are wholly absent here. Brock, having disclaimed any interest in the property, is neither in a position to complain of or prevent any action plaintiffs may take against it, nor to appeal from the decree. Further, the equivalent of summons and severance appears here in the fact that

Brock and his wife had the same interest, hers, and the same counsel, and having notice through that counsel of her appeal through that counsel, he declined to join in it. United States v. King & Howe (C.C.A.) 78 F.(2d) 693, 695.

 But the judgment was not joint. It dealt, as to Brock, with certain notes in regard to which neither he nor Mrs. Brock are appealing. It dealt, as to Mrs. Brock alone, in regard to the Knight note and mortgage and the Barbour county property, as to which she does appeal. There was neither occasion nor necessity as to her appeal for summons and severance. Brotherhood of Locomotive Engineers Securities Corp. v. W. L. Shepherd Lbr. Co. (C.C.A.) 51 F.(2d) 153; Elliot v. Lombard, 292 U.S. 139, 54 S.Ct. 637, 78 L.Ed. 1175; Norristown-Penn Trust Co. v. Cole (C.C.A.) 80 F.(2d) 888.

On the merits, we think it quite clear that the trial court erred. A written antenuptial agreement made without intent to defraud creditors constitutes valid consideration for a postnuptial conveyance. Indeed, such agreements are recognized in Alabama and elsewhere as founded upon consideration of the highest order. Nance v. Nance, 84 Ala. 375, 4 So. 699, 5 Am.St. Rep. 378; Prewitt v. Wilson, 103 U.S. 22, 26 L.Ed. 360; Thomas v. Mickle, 228 Ala. 458, 154 So. 95; Braecklein v. McNamara, 147 Md. 17, 127 A. 497, 41 A.L.R. 1159, Note at page 1167, et seq.

In ruling as he did, the District Judge fell into the error of according to a preliminary oral agreement, which under the general principles of law is as to postnuptial conveyances not valid or binding upon existing creditors, 41 A.L.R. Note 1169 et seq., the effect of anticipating and invalidating a valid written antenuptial contract. But apart from the question of the validity of the oral understanding, we think it plain that the construction the court gave it was wrong. The agreement of Brock to convey all of his property to his fiancée could not, we think be limited in its effect by her knowledge, or want of knowledge, as to what property he had to convey. She testified positively that her agreement with Brock was that he would convey to her all of his property. Brock's testimony, and the letters she produced, running back to 1921, confirm her testimony. Nothing in her testimony or in the record gave warrant for or color to the view that before the August 9 agreement

there was either an agreement as to, or a mention of, specific property. The District Judge's view was based not upon the evidence viewed objectively from the standpoint of the language of the agreement as applied to the facts, but upon it viewed subjectively and unilaterally from the standpoint of Mrs. Brock's knowledge of the facts.

There being no evidence whatever to impeach the valid written antenuptial agreement, the court erred in directing its cancellation, and in depriving appellant of the fruits of it in the particulars of which she complains.

The decree will therefore, in the respects challenged by appellant, be reversed and the cause will be remanded, with directions to dismiss the bill as to the deed of conveyance, and as to any claim upon the Knight mortgage or its proceeds.

Reversed and remanded.