10 So.2d 11

### CRYAR v. CRYAR.

### 8 Div. 179.

Supreme Court of Alabama.

Oct. 8, 1942.

Brown & Conway, of Albertville, for appellant.

Scruggs & Creel, of Guntersville, for appellee.

LIVINGSTON, Justice.

The appellant, Charlie Cryar, filed his bill of complaint in the Circuit Court of Marshall County, in equity, against his wife, Sarah E. Cryar, seeking to have declared null and void and cancelled of record a deed executed and delivered by him on October 11, 1932, conveying to his wife forty-four acres of land in Marshall County, Alabama. The prayer for this relief is predicated upon allegations of fraud and undue influence in the procurement of the deed, breach of a marriage contract between grantor and grantee, and failure of consideration. The bill further prays that the court decree that certain funds, representing rent from the above mentioned land and on deposit with the Albertville National Bank, are the funds of appellant. The bill also seeks a divorce on the ground of voluntary abandonment.

The appellee answered, making her answer a cross-bill. She denied the allegations of fraud and undue influence, breach of the marriage contract and failure of consideration. She alleged that she was the owner of the rent funds, and prayed for a decree to that effect and for delivery and possession of the funds and land. The Albertville National Bank and one Moore, a tenant farming the forty-four acres of land, were made parties respondent to the cross-bill. Appellee in her cross-complaint prayed for a divorce on the ground of cruelty. A decree pro confesso was rendered against Moore. The Albertville National Bank answered and claimed no interest in the rent funds other than that of a stakeholder.

The trial court made and entered a decree denying relief to appellant, and granted to appellee all the relief prayed for in her cross-bill.

The testimony in the cause was taken by deposition of the witnesses, and where that procedure is adopted, this Court is required to review and sit in judgment upon the evidence. Title 13, section 17, Code of 1940; section 10276, Code of 1923; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard, Receiver v. Simpson, 240 Ala. 401, 199 So. 560. This duty we have performed.

The evidence discloses the following undisputed facts: Appellant and appellee, now seventy and sixty-five years of age respectively, married many years ago and reared a family of seven or eight children, all of whom were married or had been married at the time this cause was tried. They accumulated some property, consisting principally of two small farms, one of which is the forty-four acres here involved, and another of fifty-six acres, together with about $2,000 in cash, household goods, some cattle, stock and farm equipment.

On October 13, 1930, appellee, Sarah E. Cryar, was granted a divorce from appellant, Charlie Cryar, on the ground of cruelty. By agreement of the parties, which was incorporated in the divorce decree, the property theretofore accumulated was divided between them. Sarah E. Cryar took title to the fifty-six acre farm, together with some personal property, and Charlie Cryar retained the forty-four acre farm, some personal property and the cash on hand, except $425 to be paid to Sarah E. Cryar. The decree gave to Sarah E. Cryar the custody and control of the then

two minor children. There is a dispute as to whether the sum of $425 was ever paid in full.

On October 11, 1932, the parties were again married. While there is some conflict in the testimony, we are of the opinion that the second marriage was the culmination of the insistence of appellant and husband, Charlie Cryar. Prior to the second marriage, but on the same day, appellant executed and delivered to appellee a deed conveying to her the forty-four acres of land here involved. There can be but little, if any, doubt that the deed was executed and delivered in consideration of the marriage.

The parties lived together as man and wife until about June 3, 1935, when they again separated, and have not lived together since.

We deem it unnecessary to prolong the opinion by setting out in detail the evidence supporting the allegations of cruelty contained in appellee's cross-bill. It is to the effect that on many occasions appellant struck, chocked, cursed and abused appellee. That he threatened to take her life and presented deadly weapon with which to accomplish that purpose; that some of appellant's children were compelled upon occasions to disarm him to prevent him from killing or injuring appellee. In our opinion the allegations of cruelty were sustained by the evidence.

Marriage is a valuable consideration, often deemed a favored consideration for the conveyance of property. Nance v. Nance, 84 Ala. 375, 4 So. 699, 5 Am.St. Rep. 378; Thomas v. Mickle, 228 Ala. 458, 154 So. 95, 96. And, as said in Thomas v. Mickle, supra: "Where the conveyance is executed before marriage, it is taken without our statute of frauds, and parol evidence of such consideration is admissible, although not recited in the conveyance. Andrews & Brothers v. Jones, 10 Ala. 400, 420."

We are not impressed with appellant's argument that the deed to appellee was to be effective only so long as appellee lived with appellant as his wife. The deed was executed and delivered and its effect realized at once upon solemnization of marriage. And in the absence of contrary provisions in the contract of settlement, or of special statutory provisions, estrangement, separation or divorce will not of itself extinguish a marriage settlement. 30 Corpus

Juris section 224, page 658; Moore v. Martin, 233 Ill. 512, 84 N.E. 630; Schnepfe v. Schnepfe, 124 Md. 330, 92 A. 891, Ann.Cas. 1916D, 988; Warren v. Warren, 88 N.J. Eq. 612, 104 A. 823; Callis v. Hector, L. R. 19, Eq. 334.

 We have carefully examined the record for evidence of fraud and undue influence on the part of appellee. Appellant's allegations in that regard are not sustained by the proof.

The appellee being the owner of the lands involved was, as such owner, entitled to the rent funds held by the Albertville National Bank. The decree of the trial court is due to be and is in all things affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.