10 So.2d 853

**WELLS v. WELLS et al.**

8 Div. 151.

Supreme Court of Alabama.

Dec. 17, 1942.

Brown & Conway, of Albertville, for appellant.

Rains & Rains, of Gadsden, and H. G. Bailey, of Boaz, for appellees.

LIVINGSTON, Justice.

This is a bill seeking to set aside and hold for naught a deed executed and delivered by Mollie A. Wells, complainant in the court below, appellant here, to J. Z. Wells, as executor of the last will and testament of W. T. Wells, deceased.

W. T. Wells, a resident citizen of Marshall County, Alabama, departed this life on about August 12, 1939, leaving surviving his widow, Mollie A. Wells, the appel-

534

lant, and four adult sons, J. Z. Wells, W. C. Wells, R. R. Wells and Howard Wells. A codicil to his last will and testament is as follows:

"I, W. T. Wells, aged seventy-five years, the within named testator, do hereby make publish this, my codicil to my last will and testament, hearing date of May 8th, 1930, as follows:

"First. My wife Mary Francis Wells, having died since the execution of the within will and having married since my first wife's death, do hereby revoke the devise made to my first wife as contained in said will and to my second wife Mollie A. Wells, do hereby devise and bequeath to her the use and benefit of all real estate owned by me at my death until her death or as long as she remains unmarried. I further devise and request that the executor named in my will shall if necessary, pay to my said wife out of my personal property, in the event the rents and income derived from the real estate is insufficient to provide for her support and maintenance, an amount or amounts necessary from time to time for such purpose; and hereby request that my executor shall out of my personal property keep a sufficient amount of funds or monies with which to meet any need that may be necessary for my said wife, as above requested; and do hereby ratify and confirm my said will in all other respects."

The will and codicil were admitted to probate by the probate court of Marshall County on September 30, 1939.

On March 21, 1940, appellant executed and delivered to J. Z. Wells the following instrument:

"The State of Alabama

"Marshall County.

"Know all men by these presents, that I, Mrs. M. A. Wells, a widow woman, of Marshall County and State of Alabama, for and in consideration of the sum of Seven Hundred Seventy Five & No/100 Dollars, to me in hand paid the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain sell and convey to J. Z. Wells, executor heirs and assigns her life estate in the following described real estate, to-wit:

"Lot numbered five (west of boundary line) of section thirty (30) in Township nine (9) South of range five (5) East of Huntsville, Meridian and containing fifty-two and seventy-five hundredths (52.75)

acres. Also beginning at 'P', as shown by the survey of W. C. Goodwin, county surveyor, which survey is recorded in the probate's office of Marshall County, Alabama. The 'P' referred to which is 24.16 chains north of the half mile corner on the South line of the section; thence west 20.83 chains to 'O' thence north 15.89 chains to 'J' on the Indian boundary line; thence south 66 degrees east, .06 chains 70 degrees east 15.00 chains; south 79 degrees east 5.85 chains to 'S'; thence south 9.06 chains to the beginning point containing 25 acres. Being the NE part of the SW fractional fourth of section 30 Township 9, range 5 East.

"Also all of that portion of west half of the SE fractional fourth of section 30, Township 9 South of range 5 East which lies on the west side of the Boaz and Marshall Public Road, all the above described lands lying and being situated in Marshall County, Alabama.

"Together with all and singular the tenements and appurtenances thereunto belonging or in anywise appertaining. To have and to hold to the said J. Z. Wells, executor heirs and assigns in fee simple forever.

"In testimony whereof I have hereunto set my hand and seal this 21st day of March A. D. 1940.
(Signed) "M. A. Wells (Seal.)"

Appellant's bill seeks to set aside, and have declared null and void the foregoing instrument.

Clearly, appellant elected to take under the will. In fact, she prays "That she be declared the legal and surviving widow of the said W. T. Wells, deceased, and entitled to have and receive the benefits devised in said last will and testament."

■ Appellant having elected to take under the will, she may, as of course, for a valuable consideration part with the property rights acquired under it. But she insists that in such case, the rule requires that the consideration be adequate, and the entire transaction fair, just and equitable from the wife's view, or that it was freely and voluntarily entered into with competent advice and full knowledge of her interest in the estate and its approximate value, and that the respondents in the instant case have the burden of proof in that respect, citing Merchants' National Bank of Mobile v. Hubbard, 222 Ala. 518, 133 So. 723, 74 A.L.R. 646; Dorsey v. Dorsey, 224 Ala. 496, 140 So. 540.

We have no quarrel with the rule, but it is to be noted that appellant has parted with no interest in the estate of her deceased husband, other than the life estate in his real estate devised to her under the terms of the will. We are not here concerned with the widow's right to exemptions under the provisions of section 665, Title 7 of the Code of 1940 (section 7922, Code of 1923), and which the deed here involved does not purport to convey. See, Richter v. Richter, 180 Ala. 218, 60 So. 880; Crownover v. Crownover, 216 Ala. 286, 113 So. 42; Gray v. Weatherford, 227 Ala. 324, 149 So. 819. We are here concerned only with the value of appellant's life estate in her husband's realty.

The evidence was taken by deposition of the witnesses, and where that procedure is adopted, this Court is required to sit in judgment upon the evidence. Title 13, section 17, Code of 1940 (section 10276, Code of 1923); Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard, Receiver, v. Simpson, 240 Ala. 401, 199 So. 560; Cryar v. Cryar, ante, p. 318, 10 So.2d 11. This duty we have performed.

It would serve no good purpose to here set forth the evidence in detail. We have carefully examined the evidence touching the value of the lands involved, its rental value, appellant's age and life expectancy, the condition of her health, as well as all other legal evidence, and are to the conclusion that the price paid for appellant's life estate in her husband's realty was fair, just and adequate.

The decree of the lower court is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.