16 So.2d 879

### LEONARD v. DUNCAN.

6 Div. 177.

Supreme Court of Alabama.

March 2, 1944.

Barber & Barber, of Birmingham, for appellee.

Edw. T. Rice, of Birmingham, for appellant.

322

LIVINGSTON, Justice.

Bill to declare an absolute deed an equitable mortgage, or a trust in the nature thereof; to have an accounting as to the state of the mortgage debt, and to divest title if fully paid, otherwise to redeem.

Briefly, the case by the bill is this: Prior to the 15th day of May, 1936, complainant owned a house and lot, described in the bill, located in the City of Birmingham, Alabama, which had been sold to the City of Birmingham to satisfy certain public improvement assessment liens. On May 15, 1936, complainant sought a loan from respondent sufficient to redeem the house and lot from the public improvement assessment sale, and also from a sale to the State of Alabama to satisfy state, county and city ad valorem taxes. Complainant proposed to respondent that if he would make the loan and redeem the property she would execute and deliver to him a mortgage on the house and lot to secure the payment of the amounts so loaned, and would permit the respondent to collect and keep the rents from the property until he had been paid in full for the amounts loaned with interest, and all amounts paid for insurance and other just charges, including a reasonable fee for his services. Respondent agreed to advance and loan to complainant sufficient money to pay off said indebtedness, and agreed that he would effectuate a redemption for and on behalf of complainant and would reimburse himself for the sums so advanced or loaned out of the rents from the property, but advised complainant that the mortgage mentioned could be executed and delivered at some later time. In pursuance of said agreement the respondent did, on to-wit, the 30th day of July, 1936, pay to the City of Birmingham and to the State of Alabama the amounts necessary to redeem or purchase the said house and lot described, but instead of purchasing or redeeming said property in the name of complainant, took from the City of Birmingham a deed thereto in his own name, and took from the State a certificate of redemption in his own name. On or about July 1, 1937, complainant inquired of respondent concerning the status of the account between them, and whether the rents collected had reimbursed him for the amounts advanced or loaned. Respondent then advised complainant that he had purchased the house and lot from the City of Birmingham and then owned the same in his own right, and that complainant had no right, title or interest therein. This suit was commenced on February 20, 1943.

Demurrers to the bill were overruled, and respondent appealed.

Appellant insists that the bill of complaint shows on its face that at the time he redeemed or purchased the property from the City of Birmingham, complainant had no right, title or interest in or to the property, her statutory right of redemption having expired. In other words, complainant had nothing to mortgage.

We will assume, without deciding, that the bill does so show. Very clearly, the bill alleges that respondent agreed to loan to complainant an amount sufficient to redeem or purchase the property from the city, and agreed to effectuate said redemption for and on behalf of complainant; and that in pursuance of said agreement, the respondent did redeem or purchase the same. The allegations of the bill are to the effect that the money of complainant, loaned to her by respondent, was used to effectuate the redemption or purchase, although title to the property was taken in the name of respondent. The transaction created the relation of debtor and creditor between the parties. A resulting trust arises by operation of law where the consideration is paid by one party and the title is conveyed to another. Butts v. Cooper, 152 Ala. 375, 384, 44 So. 616; 65 Corpus Juris, § 13, pages 222, 223.

A resulting trust is a creature of equity, based on the presumption that he who furnishes the consideration for the purchase of lands intends the purchase for his own benefit. Miles v. Rhodes, 222 Ala. 208, 131 So. 633.

Under the allegations of the bill, the deed to respondent stands as security for the money loaned by respondent to complainant with which to make the purchase or redemption. And, in the instant-

case, it can make no difference whether title was acquired by redemption or by purchase, or whether complainant owned any interest in the property at the time. For convenience, this Court has come to call such a transaction a trust in the nature of an equitable mortgage. For purposes of equitable relief it is treated as a mortgage. Gunter v. Jones, 244 Ala. 251, 13 So.2d 51; O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110.

The transaction is subject to the statute of limitations of ten years. Section 20, Title 7, Code of 1940; Miles v. Rhodes, supra. The bill was not subject to demurrer as for laches.

Sections 6521 and 6522, Code of 1923, with some change, are carried forward into the Code of 1940 as Equity Rule 2, Title 7, Appendix, page 1037. The address of a bill is no longer necessary in Alabama. Therefore, the demurrers raising the point that the bill, in the instant case, was not properly addressed is without merit.

The demurrers were properly overruled, and the cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.