26 So.2d 721

### HOLMAN v. WEED et al.
4 Div. 385.

Supreme Court of Alabama.
April 11, 1946.

Rehearing Denied June 13, 1946.

Further Rehearing Denied July 25, 1946.

Harry K. Martin, of Dothan, and Chas. O. Stokes, of Ozark, for appellant.

Roy L. Smith, of Phenix City, and R. E. L. Cope, of Union Springs, for appellees.

LIVINGSTON, Justice.

Y. Allen Holman filed his bill of complaint in the Circuit Court of Dale County, Alabama, in equity, praying to have declared an equitable mortgage that certain deed executed and delivered to Hon. Henry B. Steagall by the Home Owners Loan Corporation, on the 5th day of December, 1940, and conveying to Steagall that certain house and lot, described in the bill and located in the city of Ozark, Alabama, and to redeem. The respondents are O. K. Weed, as executor, trustee and guardian under the will of Hon. Henry B. Steagall, deceased, Mrs. Margaret S. Holman, daughter of Henry B. Steagall, deceased, Sallie Mae Holman, Porter Allen Holman, Henry Steagall Holman, and Julian Knox Holman, Jr., grandchildren of Henry B. Steagall, deceased. From a final decree denying relief prayed for complainant prosecutes this appeal.

The cause was submitted to the trial court on evidence taken by depositions of the witnesses, and where that procedure is adopted in the lower court, this Court is required to sit in judgment upon the evidence. Title 13, section 17, Code of 1940; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard v. Simpson, 240 Ala. 401, 199 So. 560; Cryar v. Cryar, 243 Ala. 318, 10 So.2d 11; Wells v. Wells, 243 Ala. 533, 10 So.2d 853. This duty we have performed, and in so doing, have considered only the legal evidence introduced.

The following facts are undisputed: For more than thirty years prior to November 9, 1937, complainant and his wife, Ethel M. Holman owned and occupied as a homestead the house and lot described in the bill of complaint. On or about April 18, 1935, complainant and his said wife mortgaged

the house and lot to the Home Owners Loan Corporation. Default having been made in the terms of the mortgage, the mortgagee foreclosed the same on November 9, 1937, and purchased said property at the foreclosure sale. On December 5, 1940, and after the right of redemption had expired, the Home Owners Loan Corporation, for and in consideration of the sum of $450 cash, and the execution and delivery of a purchase money mortgage in the sum of $4050, executed and delivered a deed conveying the house and lot here involved to Henry B. Steagall. Henry B. Steagall died on or about November 22, 1943, leaving a last will and testament, which has been admitted to probate in the Probate Court of Dale County, Alabama, and under the terms of which will the house and lot here involved is bequeathed or devised to O. K. Weed, as trustee or guardian of Margaret Holman and her four minor children, all whom are named as parties respondent to the bill of complaint. Margaret Holman's husband, Julian Knox Holman, is the son of Y. Allen Holman, the complainant in this cause.

The controverted question, and the pivotal one in the case, is whether Henry B. Steagall purchased the property from the Home Owners Loan Corporation for complainant Holman, but took title in his own name to secure the down payment made and the further installment payments to be made by him (Steagall).

■ The allegations of the bill and the tendencies of complainant's evidence are to the effect that the money of complainant, loaned to him by Steagall, was used to make the down payment to the Home Owners Loan Corporation, and that complainant would make the installment payments to the Home Owners Loan Corporation through Steagall, and that title to the property was taken in Steagall's name to secure him against complainant's default.

In O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895, 896, it was said:

"Where one person makes a loan to another with which to purchase lands, and by mutual agreement a deed is made directly from the vendor to the lender as security for the loan, the transaction partakes of the nature both of a resulting trust and a mortgage. A resulting trust, because the money loaned becomes that of the borrower, and the title acquired with his money is taken in the name of another; a mortgage, because it is given as security for the debt due from lender to borrower.

"For convenience this court has come to call it a trust in the nature of an equitable mortgage. For purposes of equitable relief it is treated as a mortgage. It is not subject to the statute of frauds."

The foregoing was reaffirmed in Gunter v. Jones, 244 Ala. 251, 13 So.2d 51 and Leonard v. Duncan, 245 Ala. 320, 16 So.2d 879.

■ We have given the legal testimony introduced in this cause our most careful consideration, and are to the conclusion that complainant in the court below (appellant here) has not met the burden cast by the pleadings. The case is not without difficulty, but we are fully persuaded that Mr. Steagall did not purchase the property for Mr. Holman. We have studied the record in vain for any kind of reason, except friendship of long standing, why Mr. Steagall should have bought the property from the Home Owners Loan Corporation to protect the interest of Mr. Holman. On the other hand, there is abundant reason why Mr. Steagall should have wanted to provide a home for his daughter Margaret Holman. It is undisputed that within less than sixty days after Mr. Steagall purchased the property involved he changed or rewrote his will leaving the property to his daughter Margaret Holman and her four children. We find in the record the following letter which was written within less than four months after Mr. Steagall bought the property:

"Y. Allen Holman
"Manufacturer and Wholesaler
"Pine and Hardwood Lumber
"Ozark City Bank Building
"Ozark, Ala.
"March 5th, '41.
"Hon. Henry B. Steagall,
"Washington, D. C.
"Dear Henry:
"Inclosed post-office money order for Thirty and 98/100 dollars ($30.98) to be

applied on rent account, as per your instructions to or through Julian, which I hope is to your entire satisfaction.

"With kindest personal regards, I am,

"Sincerely your friend,

"Y. Allen Holman."

This evidence, together with other evidence we have not set out, convinces us that it was never the purpose of Mr. Steagall that the deed from the Home Owners Loan Corporation to him should stand as security for a debt of appellant created in the manner claimed by him.

The cause is due to be affirmed, and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.