26 So.2d 906

**TILLMAN et al. v. CALHOUN LUMBER CO.**

**4 Div. 387.**

Supreme Court of Alabama.

June 13, 1946.

Rehearing Stricken Aug. 2, 1946.

Roy L. Smith and J. W. Brassell, both of Phoenix City, and H. A. Ferrell, of Seale, for appellants.

J. B. Hicks, of Phoenix City, for appellee.

LIVINGSTON, Justice.

On a former appeal to this Court in this cause, it was held that the bill of complaint was subject to demurrer for the reasons stated in the opinion, and the cause was reversed and remanded. After remandment, complainant amended the bill of complaint to meet the opinion. Demurrers were reassigned to the bill as amended and, by the lower court, overruled. This ruling was without error. The cause was tried on the merits, and resulted in a decree for complainant.

The contract which is the basis of this cause of action is set out in haec verba in the report of the case on former appeal, and we deem it unnecessary to here set it out again. See, Tillman, et al. v. Calhoun Lumber Co., 245 Ala. 595, 18 So.2d 561.

The pivotal question on this appeal is whether the option agreement was ever in fact executed and delivered. In other words, whether the writing ever became a binding contract between the parties named in it. On this question the tendencies of the evidence are conflicting.

The cause was submitted to the trial court upon the deposition of the parties and their witnesses. When causes are thus tried in the lower court, it is the duty of this Court to sit in judgment upon the evidence. Title 13, section 17, Code of 1940; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard v. Simpson, 240 Ala. 401, 199 So. 560; Cryar v. Cryar, 243 Ala. 318, 10 So.2d 11; Wells v. Wells, 243 Ala. 533, 10 So.2d 853; Cochran v. Cochran, 25 So. 2d 693.[1] This duty we have performed, and have carefully considered the entire evidence in conference. It would serve no good purpose to here set forth the evidence in detail. Suffice it to say, we are convinced by the evidence that the option agreement was executed and delivered by the grantors and accepted by the grantee, his agent and attorney, with the purpose and intent of binding the parties as therein stated, and that it did so bind them.

The decree of the lower court is in accord with this finding, and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.