Appellant, Mrs. Helen B. Cone, appeals from a declaratory judgment adjudging the ownership of certain property (title to which is held in Mrs. Cone's name) to be in her ex-husband, appellee Jack B. Cone.
Appellee, Jack B. Cone filed a declaratory judgment complaint against appellant Helen B. Cone on August 2, 1973, setting forth that he and Mrs. Cone were divorced on December 14, 1972, and that during their marriage they owned certain real and personal property and that portions of said property had been purchased with his funds and placed in his wife's name in trust. It is alleged that a resulting trust was established to provide protection from the husband's judgment creditors because of the speculative nature of his business ventures. The wife filed a motion to dismiss the complaint, which was denied. She then filed an answer and trial was set for November 27, 1973.
Over objection of Mrs. Cone, the trial court consolidated this declaratory judgment case No. 6037 with: the earlier divorce case No. 5853; a previously filed declaratory judgment case No. 5911 relating to certain Daleville property held in Mrs. Cone's name; and a previously filed detinue case No. 7782 relating to two trucks.
On July 16, 1974, the trial court entered a final judgment decreeing that, of the property held in Mrs. Cone's name, Mr. Cone was to receive the following items: one 1965 Chevrolet pickup truck; one 1955 or 1957 GMC dump truck; a parcel of land in Daleville, Alabama; and the benefits of a lease of the Daleville property. Mrs. Cone was awarded all real property in Houston County. Each was awarded their own personal property.
On this appeal, Mrs. Cone cites error in the consolidation of this declaratory judgment action with the earlier divorce action, the declaratory judgment suit, and the detinue suits. Mrs. Cone insists that the divorce decree of December 14, 1972, operates as a bar to these proceedings eight months later which adjudicated and granted Mr. Cone's prayer for relief in this declaratory judgment. She further claims that no resulting trust was created due to the legal presumption that a transfer of title from husband to wife is intended as a gift of the property. The record shows that the parties were in disagreement as to the source of the funds which were used to purchase the items at issue. Mrs. Cone asserts that she owned and paid for the property awarded to her husband and that, therefore, the award to her husband is in the nature of alimony. Mrs. Cone argues that Alabama law does not recognize alimony in favor of a husband. Furthermore, she argues, once a final divorce decree has been issued, a suit for alimony can no longer be maintained.
The next error contended for by Mrs. Cone arises from an alleged failure on the part of the court clerk to notify her of the decree dated July 16, 1974. Mrs. Cone relies on Rule 60 (b) of the Alabama Rules of Civil Procedure for the proposition that she was entitled to be relieved from the decree due to her failure to receive notice of it. Rule 60 (b) A.R.C.P. reads: "[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."
On October 7, 1974, Mrs. Cone moved to set aside the judgment rendered in the cause under Rule 60. The motion was set down for a hearing on October 30, 1974. On November 25, 1974, the motion was denied. It is contended that this was error and that the evidence was insufficient to support a resulting trust. Finally, it is insisted that the trial court erred in rendering the award of the property to Mr. Cone.
Although Mrs. Cone has raised the several claims of error hereinabove set out, her strongest argument is that the trial *Page 658 
court erred in awarding the property (title to which was in Mrs. Cone) to Mr. Cone on the basis of a resulting trust. This is the only error we need consider in view of the result we reach.
According to Alabama case law, "[a] resulting trust is a creature of equity, based on the presumption that he who furnishes the consideration for the purchase of lands intends the purchase for his own benefit." Leonard v. Duncan, 245 Ala. 320,322, 16 So.2d 879, 881 (1944). Resulting trusts have been recognized under three different situations [Comment, The Lawof Trusts in Alabama, 25 Ala.L.Rev. 467, 470-71 (1973)], two of which are not relevant to this discussion since they involve express trusts. The third situation under which a resulting trust may arise occurs when "property is purchased and the purchase price is paid by one person and at his direction the vendor transfers the property to another person . . ."Restatement (Second) of Trusts § 404, comment a (1959).
The facts of the instant case do not bring it under this third situation. The property here in question was not purchased with the funds of one party and title taken in the name of the second. On the contrary, here the property was purchased by Mr. Cone and title was taken in his name. It was not until several years subsequent to his purchase that Mr. Cone transferred title to Mrs. Cone. Thus, the elements of a resulting trust are not present.
Moreover, even where there are circumstances under which a resulting trust would normally arise, if the property has been paid for by a husband but title has been taken in his wife's name, then "equity takes the position that the normal reasonably inferred intent . . . is an intent to make a gift to the wife." Bogert, Trusts Trustees, § 459, at 579 (2d ed. 1964). This Court has explained this rule as follows:
 "While it is the general rule that where one buys land in the name of another and pays the consideration money, a resulting trust will be declared in favor of the purchaser in the absence of all rebutting circumstances evincing a contrary purpose, this is only a rule of presumption. . . .
 "`Such a presumption will not arise however, when the conveyance is to the wife with purchase by the husband, as he is considered under legal or moral obligation to make provision for her, and a gift will be presumed.' (Citation omitted.)"
Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244, 250
(1945).
However, the presumption that a gift was intended is, of course, rebuttable. It "may be overcome by proof of the real intent of the parties as reflected in the conditions and circumstances attending the transaction." Swendick v. Swendick,221 Ala. 337, 339, 128 So. 593, 594 (1930). Attempting to overcome the presumption that he intended to make a gift to Mrs. Cone, Mr. Cone has emphasized his original reason for the transfer, i.e., the protection of the transferred property from the claims of his creditors. We find that this contention is insufficient to rebut the presumption that the transfer was a gift or to establish the existence of a resulting trust. Under our cases, "it is incumbent on one who claims the existence of such [resulting] trust to establish it by clear, positive, and unequivocal averments and clear and satisfactory proof."Swendick v. Swendick, id. We think that no such standard proof has been met in this case.
Finally, we note that the concept of a resulting trust is "a creature of equity." Leonard v. Duncan, 245 Ala. 320, 322,16 So.2d 879, 881 (1944). It is axiomatic that one who seeks equity must do equity and that equity will not redress the grievances of one who comes before the court with unclean hands. *Page 659 
It is also "well settled that conveyances, or gifts, made to hinder, delay, or defraud creditors, are valid and operative between the parties when fully consummated, and that neither party can rescind or defeat them." Glover v. Walker, 107 Ala. 540,545, 18 So. 251, 253 (1894). The following language from that case is appropriately addressed to the issues here at hand:
 "`. . . If men in consummation of frauds, employ instruments, binding and conclusive in their legal operation and effect, it is sound reason, good policy, sheer justice, to leave them where they have placed themselves, bound as they have bound themselves, without assistance from the courts to unlose them, when it becomes their interest to be unloosed, encouraging them and others to commit similar fraud.' . . . Here, an equitable trust is sought to be raised, and is by the contention of the appellant, declared to arise out of a transaction confessedly actually fraudulent. . . . But, the rule is of universal recognition that a court of equity will never imply or enforce a trust, springing out of a transaction, in which the party seeking to enforce it, has been guilty of fraud and immoral conduct."
Id. at 545, 18 So. 253-54.
Furthermore,
 ". . . this court has consistently applied the doctrine [of unclean hands] in suits involving conveyances to defraud creditors, where the creditor was not a party to the suit and the suit was brought by the grantor to vacate the transfer he had fraudulently made to the respondent."
Matthews v. Matthews, 292 Ala. 1, 11, 288 So.2d 110, 119
(1974). We find that the doctrine of unclean hands is controlling under the instant facts. Hence, any alleged resulting trust that might otherwise have arisen under the facts of this case will not be enforced. "[I]f A pays for land and has it conveyed by absolute deed to B, with the intent of cheating A's creditors, the court will render A no aid in securing the enforcement of the resulting trust which would normally be implied for his benefit . . ." Bogert, Trusts Trustees, § 463, at 634-35 (2d ed. 1964). This is, moreover, the doctrine of our cases.
REVERSED AND REMANDED.
HEFLIN, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.