[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 57 
The parties were divorced on March 29, 1978. By an agreement incorporated into the March 29 decree the parties' real and personal property was divided. Under this agreement the wife deeded to the husband her one-half interest in the parties' jointly owned home in exchange for other property.
The parties reconciled and were remarried on May 4, 1978. The wife moved back into the parties' home, and on May 8 the husband conveyed a deed to her granting the wife a one-half interest in the home as a joint tenant with right of survivorship. The reconciliation proved short-lived. The husband moved out of the home in September and filed for divorce in October 1978 on the ground of incompatibility. The husband further alleged that the wife had fraudulently induced him to deed over a one-half interest in the home and requested that the court set aside that conveyance.
The wife, in her answer, denied any fraud. She also counterclaimed for divorce, requesting alimony and a division of property.
After a hearing at which the husband and wife were the only witnesses, the trial court granted the divorce. Regarding the conveyance by the husband of a one-half interest in the home to the wife, the court found: that the parties had entered into a marital agreement before their remarriage that their financial position would be restored to the status in which both parties stood before their first divorce in March 1978; that in accordance with this agreement the husband had conveyed the one-half interest in the home to the wife; that the wife had not performed her part of the agreement; and that the conveyance by the husband was therefore void. The court divested the wife of any interest in the home and ordered her to vacate the premises.
Regarding the wife's petition for a division of property and alimony, the court found: that there had been no material change in the status of the parties since their first divorce and that each should therefore retain the property received under the settlement agreement incorporated within the March 29 decree. The court ordered no further division of property and denied the wife's petition for alimony.
In briefs the wife concedes that there was an agreement to "put everything back like it was" before the parties' first divorce. However, the wife contends that this agreement was wholly oral and therefore void under the statute of frauds. Code of Alabama 1975, § 8-9-2 (4). The wife also contends that the agreement was made after, and not prior to, their marriage and that the conveyance by the husband must therefore be presumed a gift. Regarding the court's order divesting her of any interest in the home, the wife contends that this action was beyond the jurisdictional powers of the court. Finally, the wife contends that the trial court's refusal to grant her alimony and a further division of property was an abuse of discretion.
This court is faced with two issues. The first is whether the findings and order of the trial court regarding the wife's one-half interest in the home were within the court's jurisdictional powers. We find that they were. The second issue is whether the trial court abused its discretion in refusing to award alimony or a further division of property to the wife. We find no abuse of discretion. We therefore affirm.
We note initially that the wife raises the statute of frauds for the first time on appeal. Her contention that the oral marital agreement between the parties *Page 58 
violates the statute and is void is not well taken. It is the long established law in this state that a defense of the statute of frauds must be raised below in the pleadings or by motion or it is considered waived. Tidmore v. Handy, 277 Ala. 20, 166 So.2d 855 (1964); Spruiell v. Stanford, 258 Ala. 212,61 So.2d 758 (1952). ARCP 8 (c). If the contract or agreement is admitted or satisfactorily proved, it will stand. Spruiell,supra; Shakespeare v. Alba, 76 Ala. 351 (1884).
In the instant case we note that the record is devoid of any pleading or motion by the wife raising the statute. We note that the wife, in her brief, admitted to the substance of the agreement. Finally, we note that both parties testified that the agreement was to "put everything back like it was" before their first divorce. The only disputed fact was when this agreement was reached. The husband testified that the parties agreed before their remarriage. The wife stated that it was some three to four weeks after the second marriage. The trial court evidently accepted the husband's testimony. We make our review in this regard based upon the principle that where there is disputed evidence and the trial court hears testimony ore tenus, his findings of fact are presumed correct. Phillips v.Phillips, Ala.Civ.App., 344 So.2d 786 (1977).
We will therefore not overturn the trial court's finding that the parties had a prenuptial contract to, in effect, reverse the settlement agreement in their first divorce.
We are not impressed with the wife's next contention that the deed by the husband is to be strictly scrutinized and must be presumed a gift. Although it is the law generally that a conveyance of real property from the husband to the wife is presumed a gift, Cone v. Cone, Ala., 331 So.2d 656 (1976)citing Bogert, Trusts Trustees § 459 (2d ed. 1964); Roubicekv. Roubicek, 246 Ala. 442, 21 So.2d 244 (1945), this presumption may be rebutted by proof of the real intent of the parties. Cone, supra. As we have noted, there was ample evidence in the record to support the trial court's finding that the deed from the husband was not a gift but rather one step in performing his part of a prenuptial agreement.
Such contracts between husband and wife, whether made before or after marriage, are recognized as valid in this state. Code of Alabama 1975, § 30-4-9; Allison v. Stevens, 269 Ala. 288,112 So.2d 451 (1959); Norrell v. Thompson, 252 Ala. 603,42 So.2d 504 (1949). While it is true that these agreements are to be subjected to close scrutiny, § 30-4-9; Hall v. Cosby,288 Ala. 191, 258 So.2d 897 (1972); Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13 (1951), the agreement in the instant case withstands such an examination. As we have noted, it was the admission of the wife and the uncontroverted testimony of the parties that they had an agreement to restore their financial and property interests to the status which existed prior to their first divorce. An examination of the settlement agreement in that first divorce reveals that the husband acquired the wife's one-half interest under that agreement. This is more than sufficient evidence to support the trial court's findings that the conveyance by the husband was in part performance of a contract. Clearly, the presumption which the wife asserts does not apply here.
Furthermore, the wife's argument in this regard has little place in an equity case. The wife cannot in one breath admit to a contract and in the next breath ask this court to apply an equitable presumption which ignores that contract.
We come now to the wife's contention that the trial court's findings regarding that agreement and its order that the wife convey the property back to the husband were matters beyond the scope of its powers when sitting as a court of equity in a divorce case. We must disagree.
We have often held in the past that an equity court has broad powers to grant collateral relief both legal and equitable in a divorce case. This is especially true where, as here, one party to the divorce has *Page 59 
invoked the court's jurisdiction by requesting the relief granted, both parties are before the court and the rights of third par, ties are not involved. Owens v. Owens, 281 Ala. 239,201 So.2d 396 (1967); Speegle v. Speegle, 251 Ala. 525,38 So.2d 339 (1949); Roberts v. Roberts, 247 Ala. 302,24 So.2d 136 (1945); Prosch v. Prosch, 47 Ala. App. 33, 249 So.2d 855
(1971). Therefore, the court's determination of the legal matters in the case, i.e. the existence of a contract and the wife's breach of that contract, and the grant of equitable relief, i.e. recission and restitution, were well within its general equitable powers.
We must disagree with the wife's contention that the remedy granted by the trial court in this case violates the rule that a subsequent divorce does not alone void a prenuptial contract.Cryar v. Cryar, 243 Ala. 318, 10 So.2d 11 (1942). This case is clearly distinguishable from Cryar. In Cryar the prenuptial contract was fully executed; in the instant case the contract was only partly performed. The trial court's order of recission and restitution does not appear unreasonable to this court in view of the alternative contractual remedies. Damages for the wife's nonperformance were not sought by the husband, and an order of specific performance would be both senseless and futile.
Finally, we must disagree with the wife's contentions that divestiture of her one-half interest in the home was alimony to the husband and that the court's refusal to grant her alimony was an abuse of discretion.
The trial court's order divesting the wife of her one-half interest in the home, while it was inextricably tied to the divorce proceedings, was essentially a remedy for breach of contract and not a division of property or award of alimony. This divestiture left the parties in essentially the same position regarding their property and finances as they stood after their first divorce — a position which they reached by agreement. The trial court found that there had been no material change in the health or finances of the parties in the seven and one-half months which elapsed between their first and second divorces. The record supports this finding. With this in mind, and with due regard to the broad discretion invested in the trial court in matters of alimony and division of property,Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041, cert.quashed, Ala., 350 So.2d 1045 (1977), we find no abuse of discretion regarding the trial court's refusal to award alimony to the wife or make a further division of property.
In view of our holding, it is unnecessary to consider the wife's contention that the husband did not prove fraud in the inducement regarding the conveyance of the home.
For the reasons we have stated, the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
On Rehearing
The wife contends that we are in error in rejecting her defense of the statute of frauds because the statute was not raised in the pleadings. The wife contends that the prenuptial contract which was the basis of the trial court's decision was not pleaded by the husband in his complaint, and hence there was no reason for the wife to raise the statute of frauds as a defense to this contract in her answer. We agree with the wife that the failure to plead the statute of frauds should not be fatal to her case. However, we find that the statute is nevertheless not a valid defense for the wife. We reach this conclusion by an analysis of the facts, the purpose of the statute of frauds, and the nature of the case before us.
As we noted in our opinion, both parties testified to the substance of the parties' agreement. Except as to the time this agreement was reached, the testimony was not conflicting. No objection was made to any of the testimony about an oral agreement. Finally, in briefs, counsel for the wife specifically admits to the existence *Page 60 
and the substance of the agreements. In the face of these facts, the purpose of the statute of frauds is completely negated. The purpose of the statute is to prevent fraud and perjury in actions brought on contracts. Port City ConstructionCo. v. Henderson, 48 Ala. App. 639, 266 So.2d 896 (1972). Clearly, there is little danger of fraud or perjury where both parties admit to the substance of the contract.
Lastly, the determination of whether the statute of frauds is available as a defense in this case must be made in light of the fact that this is an equity case. It is an established principle that equity is concerned with substance and not form and considers done that which ought to be done. Newton v. Roe,290 Ala. 191, 275 So.2d 135 (1973). To allow the wife to raise the statute of frauds in the face of the admitted facts in this case would clearly be placing form over substance. Also, to paraphrase a statement in our original opinion, the wife cannot in an equity case admit to the existence of a legal reality, in this case the existence and substance of the contract, and yet ask this court to apply a rule of law, the statute of frauds, which ignores that reality.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.